**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 13, 2026

By ECF
The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: ***A.P.C. v. Genalo, et al.*, No. 26 Civ. 5827 (KPF)**

Dear Judge Failla:

This Office represents the government in the above-referenced immigration habeas corpus action brought by Petitioner A.P.C., a noncitizen challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). On July 9, 2026, the Court issued an order directing the government to file a letter responding to certain questions by July 13, 2026. ECF No. 4. I write respectfully to provide that response.

**A. Petitioner's A-number and current place of detention;**

The government does not disclose Petitioner's A-number in this filing given that the Court granted Petitioner's motion for leave to proceed under pseudonym, which requested not only that Petitioner proceed by initials, but that his A-number and other personally identifying information be redacted in case filings. The government can provide the A-number to the Court over the phone, by email, or through a filing under seal, if the Court still wishes to receive it. Petitioner is currently detained at Orange County Jail in Goshen, New York.

**B. The statutory provision(s) under which Respondents assert the authority to detain Petitioner;**

The government asserts that Petitioner is currently detained under 8 U.S.C. § 1226(a).

**C. A copy of any final order of removal;**

There is no final order of removal in this case.

**D. Any information regarding the procedural posture of any pending department of Homeland Security or Executive Office for Immigration Review proceedings;**

ICE issued a Form I-200 Warrant for Alien Arrest on April 11, 2026, and served Petitioner with a Notice to Appear charging him with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) and § 1182(a)(7)(A)(i). On May 27, 2026, Petitioner filed an application for relief from

removal. That application remains pending, and a merits hearing on this application before the Immigration Judge is scheduled for July 27, 2026.

**E. An indication of whether this case is distinguishable from previous cases decided by this Court or by the Second Circuit. *See, e.g., Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Ortiz-Lopez v. Francis*, No. 25 Civ. 7985 (KPF); *Villarreal Obregon v. Francis*, No. 25 Civ. 9465 (KPF); *Reyes v. King*, No. 19 Civ. 8674 (KPF), 2021 WL 3727614, at *6-7 (S.D.N.Y. Aug. 20, 2021).**

Most of the above-referenced cases—*Barbosa da Cunha v. Freden*, *Ortiz-Lopez v. Francis*, and *Villarreal Obregon v. Francis*—concerned whether the petitioner's detention was governed by § 1225(b) or by § 1226(a). That question is not directly implicated here, as there is no dispute that Petitioner's detention is currently governed by 8 U.S.C. 1226(a), and these cases are therefore distinguishable. However, that is not the end of the inquiry, as Petitioner was initially detained under 8 U.S.C. § 1225(b)(2)(A), as explained below.

When ICE arrested Petitioner on April 11, 2026, he was subject to detention under 8 U.S.C. § 1225(b)(2)(A), pursuant to the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, given that Petitioner had unlawfully entered the United States without inspection. *See* Exhibit A, Form I-213. Following the Second Circuit's April 28, 2026 decision in *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), which squarely applies to Petitioner because he unlawfully entered the United States and was not apprehended at the border, Petitioner's detention is now unquestionably governed by 8 U.S.C. § 1226(a).[1] On May 12, 2026, ICE conducted a custody determination under 8 U.S.C. § 1226(a), and determined that Petitioner would remain detained under § 1226. *See* Exhibit B, Form I-286.

Even though ICE is now detaining Petitioner under § 1226(a) following the Second Circuit's decision in *Barbosa da Cunha*, the government acknowledges that courts have held that the previous period of detention under § 1225(b)(2)(A) constitutes a due process violation that merits a remedy. The government respectfully submits that, based on the facts of this case, the appropriate remedy here is a burden-shifted bond hearing before an immigration judge, rather than outright release.

Here, ICE, along with FBI special agents, conducted a targeted enforcement operation to arrest Petitioner on April 11, 2026, pursuant to a Form I-200 Warrant for Arrest, as he is an international fugitive from El Salvador who is an MS-13 gang member wanted in El Salvador for homicide and narcotics trafficking. *See* Exhibit A Form I-213; Exhibit C, Form I-200 Warrant; Exhibit E, Interpol Red Notice; Exhibit F, Arrest Warrant; *see also* Exhibit G Press Release (statement from FBI Assistant Director in Charge: "The FBI's Hudson Valley Safe Streets Task Force worked with our federal immigration enforcement

---

[1] The Second Circuit held, as relevant here, that a noncitizen who unlawfully enters the United States and evades inspection and is only later encountered by immigration officials after his or her initial entry, can only be subject to detention under 8 U.S.C. § 1226, not 8 U.S.C. § 1225(b)(2)(A). As noted, Petitioner falls squarely within the holding of *Barbosa da Cunha*, as he was not apprehended at or near the border following his unlawful entry into the United States.

partners to arrest this violent foreigner and protect our communities against dangerous criminals living here illegally."). This information was known to ICE when it targeted Petitioner for arrest, and Petitioner was specifically targeted based on his criminal history, which included being wanted for murder.

Because Petitioner's arrest was not indiscriminate and was the product of a targeted enforcement operation for an individual who has a serious criminal history, the Court should order that Petitioner be given a burden-shifted bond hearing before an immigration judge, rather than ordering his immediate release.[2] *See, e.g.*, *Rivas Reyes v. Mullin*, No. 26 Civ. 4334 (PAE), 2026 WL 1707170, at *3-5 (S.D.N.Y. June 12, 2026) (holding that where ICE exercised discretion in arresting and detaining a petitioner, even though he is incorrectly detained under § 1225(b)(2)(A at the time, the remedy was a burden-shifted bond hearing, not release); *Perez Guedez v. Catletti*, No. 26 Civ. 2463 (JLR), 2026 WL 962575, at *2-3 (S.D.N.Y. Apr. 9, 2026) (ordering bond hearing before immigration judge, rather than outright release, where ICE made an "individualized assessment" before detaining petitioner); *Gunduzalp v. Joyce*, No. 26 Civ. 2330 (GBD), 2026 WL 948736 (S.D.N.Y. Apr. 8, 2026) ("Where the record reflects that the Government exercised some discretion in detaining Petitioner, as here, the appropriate remedy is a prompt bond hearing."); *Sharifzoda v. Orange County Jail*, No. 26 Civ. 2486 (KMK), 2026 WL 851378, at *2 (S.D.N.Y. Mar. 27, 2026) (same); *Gomez-Ramirez v. Noem*, No. 26 Civ. 1860 (JPO), 2026 WL 734945, at *2 (S.D.N.Y. Mar. 16, 2026) (holding that a bond hearing was an appropriate remedy for a petitioner with "a long arrest record ... and recent convictions for vehicular-related crimes."); *Guachambala v. Lyons*, No. 26 Civ. 1835 (GBD), 2026 WL 686154, at *2 (S.D.N.Y. Mar. 10, 2026) (ordering bond hearing where the government specifically targeted petitioner, who had an "outstanding criminal charge for drunk driving"); *Yuehua Li v. Noem*, No. 26 Civ. 989 (JAV), 2026 WL 366849, at *1-2 (S.D.N.Y. Feb. 10, 2026) (ordering bond hearing before an immigration judge, rather than outright release, where ICE targeted alien for arrest because of criminal history); *Jimenez Garcia v. Joyce*, No. 26 Civ. 429 (AS), 2026 WL 251889, at *1-2 (S.D.N.Y. Jan. 30. 2026) (same).[3]

---

[2] While this Court and others have ordered burden-shifted bond hearings (i.e., bond hearings at which ICE must bear the burden of demonstrating by clear and convincing evidence that the petitioner presents either a danger to the community or a is a flight risk) as a remedy for due process violations, this Court has also held that at an ordinary § 1226(a) bond hearing, due process requires that ICE bear the burden. *See Reyes v. King*, No. 19 Civ. 8674 (KPF), 2021 WL 3727614, at *6-7 (S.D.N.Y. Aug. 20, 2021).

[3] The government is aware of at least one case, *Gomez Salcedo v. Arteta, et al.*, where this Court granted a writ of habeas corpus and ordered immediate release in a situation where ICE initially determined that the petitioner was subject to mandatory detention (pursuant to 8 U.S.C. 1226(c)), but later determined that the petitioner's detention was governed by 8 U.S.C. § 1226(a). *See* No. 26 Civ. 4801 (KPF), ECF Nos. 13, 15. The government respectfully submits that in this case, a burden-shifted bond hearing is the appropriate remedy given Petitioner's criminal history and foreign arrest warrant, as well as ICE's individualized targeting of Petitioner based on that criminal history.

Accordingly, the government respectfully submits that the proper remedy in this case is an order directing that Petitioner be provided a bond hearing before an immigration judge at which ICE bears the burden of demonstrating by clear and convincing evidence that Petitioner is either a danger to the community or a flight risk.[4] The government also does not oppose the Court further directing that the immigration judge must consider alternatives to detention and Petitioner's ability to pay if setting a monetary bond, as the Petition seeks.

In light of the foregoing, the government does not believe that a further submission is necessary, but the government will happily file any additional briefing or respond to any questions the Court may have.

* * *

I thank the Court for its consideration of this submission.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: /s/ *Jonaki M. Singh*
JONAKI M. SINGH
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2785
E-mail: jonaki.singh@usdoj.gov

cc: Counsel of Record (by ECF)

[4] The Petition requests that the bond hearing be held within 14 days. *See* Pet. Prayer for Relief ¶ e.

The Court has reviewed the Government's letter dated July 13, 2026 (Dkt. #9) and agrees that it obviates the need for a further submission at this time. Accordingly, the Court construes this letter as the Government's opposition to Petitioner's petition, thus satisfying the Court's Order that the Government file an opposition. (*See* Dkt. #4, 8). Petitioner's deadline to reply remains July 23, 2026, but the Court will welcome an early submission.

Dated: July 14, 2026
New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE